## Hirsch v. Bunker Hill Mutual Insurance Co.

*Marvin H. Levin,* for plaintiff.
*Ralph B. Umsted,* for defendant.
*Owen Biddle,* for garnishee.

REIMEL, J., February 15, 1957.—On May 8, 1956, plaintiff instituted suit against defendant in Fayette County to recover $12,687.50 loss sustained by plaintiff because of fire damage to property which was insured by defendant. The fire which caused such loss occurred on February 13, 1954. On October 15, 1956, judgment for the above mentioned sum was entered against defendant for want of an answer. On November 5, 1956, this judgment was transferred to Philadelphia and judgment execution entered against the garnishees.

On September 27, 1954, the entire business of defendant was suspended by the Insurance Commissioner of the Commonwealth under the authority of section 502 of The Insurance Department Act of May 17, 1921, P. L. 789, 40 PS §202. This act was amended effective March 22, 1956, P. L. 1328, and under this amendment: "From the date of such suspension . . . no action at law or equity shall be commenced or prosecuted nor shall any judgment be . . . issued or prosecuted against the suspended company, association, exchange, title insurance company, fraternal benefit society, or beneficial society, or order, or against its property, in any court of this Commonwealth."

This matter is now before the court on defendant's rule to show cause why execution shall not be stayed on the ground that the above amendment prohibits plaintiff's action. Plaintiff contends that said amendment cannot be applied retrospectively and to prohibit this action would so apply it.

Statutes must be construed to apply prospectively rather than retrospectively unless there is clear legislative intent to the contrary: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 56, 46 PS §556. It must be noted that plaintiff's action was not instituted until well over a month after the

effective date of the amendment. The statute as amended prohibits an act which had not taken place at the time of its effective date and, therefore, it cannot be called retrospective in this case. It prohibits any suit brought after the insurance company is suspended regardless of whether it was so suspended under the old statute or the amendment thereto. Plaintiff's suit was instituted after defendant company was suspended from doing business and after the effective date of the amendment and, therefore, is prohibited. For the above reasons, defendant's rule to stay attachment execution is made absolute.